PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS L RICHARDSON | ) | |
| | ) | CASE NO. 4:23CV1490 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| SGT. HAYNIE, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*Pro se* Plaintiff Demetrius L. Richardson, a prisoner in the Trumbull Correctional Institution ("TCI"), filed this action under 42 U.S.C. § 1983 against TCI Sergeant Haynie and Haynie's supervisor Felepa Lowery.  Plaintiff alleges he reported to Haynie that he feared for his safety from his cellmate.  Plaintiff alleges Haynie failed to take steps to protect him and that he was subsequently stabbed by his cellmate.  Plaintiff claims this violated his right to safety and security under the Fourteenth Amendment.  He seeks monetary relief.

## I.  Background

Plaintiff alleges that on June 7, 2022 he reported to Sergeant Haynie that his J-P player was missing.  He later discovered that his cellmate had taken it.  Haynie refused to get involved in the inmate conflict.  Plaintiff asked to move cells stating he did not feel safe around his cellmate.  Plaintiff contends that Haynie ordered him to get out of her office, and stated that she did not care if they killed each other.  Plaintiff claims Haynie was aware that his cellmate was in segregation for possessing a knife.

(4:23cv1490)

Plaintiff alleges that on June 9, 2023, at 5:00 a.m., his cellmate stabbed him in the neck while he was sleeping.  He required eleven internal and external stitches to close the wound.  He indicates the knife blade missed an artery by a millimeter but went deep enough to cause nerve damage.  Plaintiff claims Haynie disregarded his safety and security in violation of the Fourteenth Amendment.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  A plaintiff is not required to include detailed factual allegations, but must provide more than "an

2

(4:23cv1490)

unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard.  *Id.*  In reviewing a complaint, the Court must construe the

pleading in the light most favorable to a plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d

559, 561 (6th Cir.1998).

### III.  Law and Analysis

As an initial matter, Plaintiff's claim would arise under the Eighth Amendment rather

than the Fourteenth Amendment.  The Fourteenth Amendment governs such claims from pretrial

detainees.  As a convicted prisoner, the Eighth Amendment deliberate indifference standard is

applied to his claim.  *Howell v. NaphCare, Inc.*, 67 F.4th 302, 311 (6th Cir. 2023); *Richmond v.

Huq*, 885 F.3d 928, 937 (6th Cir. 2018).

Prison officials can be held liable for an Eighth Amendment violation when the official is

deliberately indifferent to a substantial risk of serious harm to an inmate.  *Farmer v. Brennan*,

511 U.S. 825, 834 (1994).  To state a claim for relief, the inmate must show: (1) that he is

incarcerated under conditions which pose a serious risk of harm; and (2) that the official acted

with a sufficiently culpable state of mind with regard to the inmate's health or safety.  *Id.*  The

failure to segregate violent inmates from non-violent inmates has been held to constitute

"deliberate indifference" where there is a pervasive risk of harm or where the victim belonged to

an identifiable group of prisoners for whom risk of assault is a serious problem.  *Street v.

Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996); *Marsh v. Arn*, 937 F.2d

1056, 1061 (6th Cir. 1991).  On the face of the Complaint, Plaintiff sets forth a plausible basis

3

(4:23cv1490)

for a claim against Haynie under the Eighth Amendment.

The Complaint, however, contains no factual allegations against Felepa Lowery.  Plaintiff states only that she is Haynie's supervisor.  Supervisors may be held liable for the unconstitutional conduct of their subordinates in only certain limited circumstances.  As a rule, "government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior*."  *Iqbal*, 556 U.S. at 676.  Therefore, "a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another."  *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006).  Instead, "supervisory liability requires some 'active unconstitutional behavior' on the part of the supervisor."  *Peatross*, 818 F.3d at 241 (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  This means that, " 'at a minimum,' Plaintiff must show that Defendant 'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'"  *Id.*  Additionally, there must also be a "causal connection between the Defendant's wrongful conduct and the violation alleged."  *Id.*  Consequently, unless the Plaintiff's Complaint affirmatively pleads the direct involvement of Defendant in the allegedly unconstitutional action, the Complaint fails to state a claim against that Defendant and dismissal is warranted.  *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Plaintiff does not allege any facts suggesting Lowery had any involvement or even knowledge of the incident involving Plaintiff and Haynie.  The claim against Defendant Lowery is dismissed.

4

(4:23cv1490)

## IV.  Conclusion

Accordingly, Plaintiff's claims against Defendant Felepa Lowery are dismissed pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  This action shall proceed solely on Plaintiff's Eighth Amendment claim against Sgt. Haynie.  The Clerk's Office is directed to forward summons and Complaint to the U.S. Marshals Service for service of process on Defendant Sgt. Haynie and shall include a copy of this order in the documents to be served.

IT IS SO ORDERED.

 November 22, 2023                          /s/ Benita Y. Pearson
Date                                       Benita Y. Pearson
                                           United States District Judge

5