PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS L. RICHARDSON | ) | CASE NO: 4:23-CV-01490 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| SGT. HAYNIE, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 14 and 18] |

Pending is Defendant Sergeant Christie Haynie's Motion for Summary Judgment (ECF No. 14).  Plaintiff Demetrius Richardson filed a Motion for Summary Judgment (ECF No. 18), that the Court construes as a response.[1]  Sergeant Haynie replied.  (ECF No. 19).  Having reviewed the briefs, the record, and the applicable law, the Court finds that the record contains a genuine issue of material fact, and as a result, denies Sergeant Haynie's Motion for Summary Judgment.

**I. Stipulated Facts**

The stipulated facts are as follows:

1. In or about June of 2022, Defendant, Sergeant Christie Haynie, was a correction officer at the Trumbull Correctional Institution, with the rank of Sergeant.  [Sergeant] Haynie was assigned to work as the Sergeant in the 12-Block West housing Unit.[2]

---

[1] Plaintiff's motion was filed in accord with the Court's Order (ECF No. 17) extending his time to respond to the motion.  Similarly, Sergeant Haynie's opposition is treated as a reply.

[2] Sergeant Haynie concedes that she "had the ability to coordinate bed moves." Def. Christie Haynie's Mot. for Summ. J. (ECF No. 14 at PageID #: 121).

(4:23CV1490)

> 2. On May 31, 2022, Plaintiff, Demetrius Richardson, transferred to Trumbull Correctional Institution from Southern Ohio Correctional Facility.
> 3. Upon his arrival at Trumbull Correctional Institution, [Plaintiff] was placed in the 12-Block West housing unit, where [Sergeant] Haynie was assigned.
> 4. On June 6, 2022, [Plaintiff] was assigned to the same cell as James Daniel.
> 5. James Daniel assaulted [Plaintiff] and stabbed him with a homemade weapon in the early morning hours of June 9, 2022.

Stipulation of Facts (ECF No. 15).

## II.

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that Sergeant Haynie, a correction officer at Trumbull Correctional Institution ("TCI"), acted deliberately indifferent toward his safety and protection.  *See* Compl.  (ECF No. 1).[3]  Plaintiff asserts that Sergeant Haynie failed to protect him from a substantial risk of harm by failing to move or separate him from his cellmate, James Daniel, after she purportedly knew that Daniel had recently been caught with a jail-made knife or shank.  ECF No. 1 at PageID ##: 5-6.  Plaintiff contends that he requested that Sergeant Haynie move him to a different bunker, citing that Daniel had purportedly threatened his life over a JP6 player, had prior instances of violence,[4] and that Daniel had recently been caught with a shank.  ECF No. 1 at PageID #: 5; Appeal Form (ECF No. 1-2 at PageID #: 9).  Plaintiff maintains that Sergeant Haynie's failure to do her job resulted in his harm, and had she taken appropriate measures, his stabbing would have been avoided. ECF No. 1 at PageID #: 6.

---

[3] Plaintiff made his allegations contained within the pleading under the penalty of perjury.  *See* ECF No. 1 at PageID #: 7.

[4] Plaintiff provides that Daniel's has had "multiple knife ticket[s] just this year, and even held a woman hostage on a visit."  ECF No. 1-2 at PageID #: 10.

2

(4:23CV1490)

Sergeant Haynie moves for summary judgment, arguing that Plaintiff cannot sustain his claim of deliberate indifference.  ECF No. 14 at PageID #: 115.

## II. Standard of Review

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Scola v. Publix Supermarkets, Inc.*, 557 F. App'x 458, 462 (6th Cir. 2014) (quoting FED. R. CIV. P. 56(a)).  The fact under dispute must be "material," and the dispute itself must be "genuine."  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  In determining whether a factual issue is "genuine," the Court assesses whether the evidence is such that a reasonable jury could find that the non-moving party is entitled to a verdict.  *Id*.  ("[Summary judgment] will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party[.]").

The moving party need not file affidavits or similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies on the absence of an essential element in the pleadings, depositions, answers to interrogatories, and admissions on file.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "The trial court is not required to search the entire record to establish that a genuine issue of material fact exists." *Malee v. Anthony & Frank Ditomaso, Inc.*, No. 1:16CV490, 2018 WL 1805402, at *2 (N.D. Ohio Apr. 16, 2018) (citing *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008)) (abrogated on other grounds).  "'[I]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c),' the court may determine that fact is undisputed." *Id*. (quoting FED. R. CIV. P. 56(e)(2)).

(4:23CV1490)

To survive summary judgment, "[t]he non-moving party must 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *Baker v. City of Trenton*, 936 F.3d 523, 529 (6th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute.  *Celotex*, 477 U.S. at 322.  An opposing party may not simply rely on its pleadings; it must "produce evidence that results in a conflict of material fact to be resolved" by a factfinder.  *KSA Enters., Inc. v. Branch Banking & Tr. Co.*, 761 F. App'x 456, 464 (6th Cir. 2019) (quoting *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995)).  In other words, the non-moving party must present "some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial."  *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)).

In analyzing a motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party."  *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018) (citing *Latits v. Phillips*, 878 F.3d 541, 547 (6th Cir. 2017)).  "Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true."  *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  But, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 613 (6th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

(4:23CV1490)

### III. Discussion

## A.  Qualified Immunity

Sergeant Haynie believes that she is entitled to summary judgment on Plaintiff's official

capacity claim, because the Eleventh Amendment bars Plaintiff's claim of deliberate indifference

brought under § 1983.  ECF No. 14 at PageID #: 119.

"The doctrine of qualified immunity shields from liability for civil damages those

officials whose 'conduct does not violate clearly established statutory or constitutional rights of

which a reasonable person would have known.'" *Messerschmidt v. Millender*, 565 U.S. 535, 546

(2012) (citation omitted).  In determining the existence of qualified immunity, courts look to

whether "(1) that the official violated a statutory or constitutional right, and (2) that the right was

'clearly established' at the time of the challenged conduct." *Reedy v. West*, 988 F.3d 907, 912

(6th Cir. 2021) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, (2011)).  Once the defense is

raised, "the plaintiff bears the burden of showing that the defendants' conduct violated a right so

clearly established that a reasonable official in that position would have clearly understood that

he or she was under an affirmative duty to refrain from such conduct." *Barrett v. Steubenville*

*City Schs.*, 388 F.3d 967, 970 (6th Cir. 2004) (citing *Rich v. City of Mayfield Heights,* 955 F.2d

1092, 1095 (6th Cir. 1992)).

## B.  Deliberate Indifference to a Substantial Risk of Serious Harm

Plaintiff contends that Sergeant Haynie violated a clearly established constitutional right

when she showed deliberate indifference toward his need for safety and protection.  Such

conduct is prohibited by the Cruel and Unusual Punishment Clause of the Eighth Amendment.

*Estelle v. Gamble,* 429 U.S. 97, 104 (1976).

(4:23CV1490)

To establish liability under the Eighth Amendment for a prison official's failure to protect, an inmate must prove that the official was deliberately indifferent "to a substantial risk of serious harm" to the inmate.  *Greene v. Bowles,* 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer v. Brennan,* 511 U.S. 825, 825 (1994)).  "To sustain a deliberate-indifference claim based on officials' failure to protect an inmate from a substantial risk of serious harm, a plaintiff must prove both an objective and subjective element."  *Young v. Campbell Cnty., Ky.*, 846 F. App'x 314, 321 (6th Cir. 2021).

Sergeant Haynie contends that Plaintiff cannot satisfy either the objective or subjective elements for his claim of deliberate indifference, arguing that Plaintiff has provided insufficient evidence signifying that James Daniel made an "imminent or direct threat" to Plaintiff, or evidence that Plaintiff informed Sergeant Haynie that he felt an imminent threat of harm from James.  ECF No. 14 at PageID #: 114.    The Court disagrees.

There is a genuine issue of material fact regarding whether Plaintiff told Sergeant Haynie that James Daniel threatened him or whether the sergeant's knowledge of the harm could have been inferred.[5]

On either June 7 or June 8 of 2022, Plaintiff alleges that Sergeant Haynie failed to heed his warning that James Daniel would attack him.  He provides that he and James Daniel

---

[5] *See, e.g.,Hernandez v. Harrington*, No. 2:09-CV-167, 2012 U.S. Dist. LEXIS 38373, 2012 WL 967428, at *5 (W.D. Mich. Mar. 2, 2012) (denying summary judgment motion when "the record shows that there is an issue of fact regarding whether Plaintiff told Defendant that he was being threatened by his roommates and that was the reason he was seeking to be moved to a different cell"); *Browning v. Pennerton*, 633 F. Supp. 2d 415, 433 (E.D. Ky. 2009) (denying summary judgment against the plaintiff's "failure-to protect" claims against some prison officials, because there were issues of fact about the existence of knowledge of a threat to plaintiff's safety).

(4:23CV1490)

approached Sergeant to obtain Plaintiff's JP6 player, and after she declined to do anything about

it, Plaintiff then asked her,

> '[s]o what's up with a bed move because he told you he took my JP6
> and **we got into an argument & he spoke about harming me & I
> don't feel safe in the cell with him after he got caught with a
> knife**" [Sergeant] Haynie said "she don't care if killed each other[,
> she] still wouldn't move us.  June 9th 2022[,] the next day I was
> stabbed behind my ear/neck area in which I fought for my life.

ECF No. 18 at PageID ##: 145-46 (emphasis added).[6]

Sergeant Haynie does not deny that Plaintiff met with her that day,[7] and that, prior to that

meeting, an argument had occurred between Plaintiff and James Daniel.[8]  Instead, she declares

that

> 23. [Plaintiff] never communicated or produced evidence to me
> of an imminent threat made by [Plaintiff] to his safety or
> person on June 7, 2022 and/or June 8, 2022.  Nor was there
> any evidence produced to me on those days demonstrating
> that Mr. Daniel physically assaulted [Plaintiff].

---

[6] Plaintiff makes an unsworn declaration in his response to motion for summary
judgment.  *See* ECF No. 18 at PageID #: 148.

[7] Sergeant Haynie declares,

> 23. I do not have personal recollection that [Plaintiff]
> communicated a bed move request on or before the end of
> day on Tuesday, June 7, 2022 to facilitate a bed move on or
> before Wednesday, June 8, 2022.  Even if [Plaintiff] had
> [done] so, his request would have been denied on the basis
> that his request fell within the forty-five (45) days of his
> prior request and move made on June 6, 2022.

Decl. of Sergeant Christie Haynie (ECF No. 14-1 at PageID #: 127).

[8] "Instead, the only understanding that [Sergeant] Haynie could reasonably
appreciate based on [Plaintiff's] representations to her was that there had been an argument
between him and his cellmate over property."  ECF No. 14 at PageID #: 111.

(4:23CV1490)

ECF No. 14-1 at PageID #: 127.  She also purports that "[e]ven after providing further details

about his conversation with [Sergeant] Haynie within his motion, [Plaintiff] never states that he

informed [Sergeant] Haynie that his cellmate made an actual and direct threat to harm or kill

him."[9]  *See* Def. Christie Haynie's Mem. in Opp'n of Pl.'s Mot. for Summ. J. (ECF No. 19 at

PageID #: 159) (citing Resp. to Summ. J. (ECF No. 18 at PageID #: 145)).  The record belies

Sergeant Haynie's assertions.  Additionally, the Court infers that Sergeant Haynie was aware of

the risk of harm James Daniel posed to Plaintiff and, nevertheless, deliberately exposed Plaintiff

to that risk.

**a.**

Plaintiff provided a "Conduct Report" (ECF No. 19 at PageID #: 156), stating that on

June 1, 2022, Officer Charles Grimes confiscated a "plastic shank with a pointed edge and a

cloth handle from [James Daniel's] waistband[.]"[10]  *See* Conduct Report (ECF No. 18-1 at

PageID #: 149); *see also* ECF No. 18 at PageID #: 147.  Sergeant Haynie contends that "the

conduct report of James Daniel" is inadmissible, because Plaintiff failed to authenticate the

document.  ECF No. 19 at PageID #: 165.

The Sixth Circuit has generally held that "unauthenticated documents do not meet the

requirements of Rule 56[(c)]" and courts have disregarded them in deciding motions for

summary judgment.  *Alexander v. Caresource, Inc.*, 576 F.3d 551, 558 (6th Cir. 2009); *Fox v.*

---

[9] Rather remarkably, Sergeant Haynie insists that had Plaintiff "truly known of an imminent threat to his safety, he had ample opportunity to inform others.  Mr. Richardson had the opportunity to voice his concerns to any other correction officer or unit staff, including Mr. Lowery."  ECF No. 19 at PageID #: 162.  But Plaintiff purports that he informed Sergeant Haynie after he had received the threat, and approximately a day later, he was stabbed.

[10] This jail-made *knife* is also called a *shank*.

8

(4:23CV1490)

*Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006).  But the Court reads those

authorities carefully, in light of the 2010 amendments to Rule 56 that eliminated the previous

authentication standard.  *See Swank v. Hale*, No. 2:12-cv-1031, 2016 WL 1156517, at \*3 (S.D.

Ohio Mar. 24, 2016) (collecting cases).  Rule 56 now allows a party making or opposing a

summary judgment motion to "cit[e] to particular materials in the record", including, among

other things, "depositions, documents, electronically stored information, affidavits or

declaration", and the like.  FED. R. CIV. P. 56(c)(1)(A).  If the opposing party believes that such

materials "*cannot be presented in a form that would be admissible in evidence,*" that party should

lodge an objection in its summary judgment briefing.  FED. R. CIV. P. 56(c)(2) (emphasis added).

Sergeant Haynie does not contest the information contained in the conduct report. Rather

she objects that the it cannot be presented in an admissible form, and therefore is inadmissible

hearsay, because Plaintiff lacks the "personal knowledge as to its creation or the contents

therein."  ECF No. 19 at PageID #: 165.  Sergeant Haynie is only half-right, as Plaintiff has

alleged that he has personal knowledge to "the contents therein[,]" because he witnessed Daniel

drop the shank.  ECF No. 18 at PageID #: 147 (stating, "[a]s 12 West is getting released from the

chowhall[,] we as a group are walking back to the block[, and] C/O Grimes chose to use the hand

held metal detector on inmate Daniel[, but] before he could use the metal detector Daniel[,]

dropped a knife on the ground[.]").  Because she does not contest the information contained in

the conduct report, and Plaintiff has testified that he has personal knowledge of the information

in the document, Defendant's objection is not well-taken.

**b.**

The facts alleged by Plaintiff also allow for an inference that Sergeant Haynie was aware

that James Daniel was dangerous to Plaintiff.  This is sustained by Sergeant Haynie's admission

9

(4:23CV1490)

that she met with James Daniel and Plaintiff; understood that they had an argument; that she

responded that they could "kill each other", and that James Daniel had been caught with a

shank.[11]

This inference casts a shadow over Sergeant Haynie's belief that "even if the evidence

challenged herein were admissible, none of it genuinely demonstrates [Sergeant] Haynie was

aware of or could appreciate that James Daniel posed an imminent and actual threat against

[Plaintiff's] personal safety."  ECF No. 19 at PageID #: 165.  The better response is to leave the

question of her knowledge for the jury.  *Farmer,* 511 U.S. at 842 ("Whether a prison official had

the requisite knowledge . . . is a question of fact subject to demonstration in the usual ways,

including inference from circumstantial evidence.").

The Court finds that a reasonable fact finder could determine that Sergeant Haynie was

deliberately indifferent to the substantial risk that James Daniel posed to Plaintiff.

### C.  Sergeant Haynie is Not Entitled to Qualified Immunity

Because a jury could conclude that Sergeant Haynie violated Plaintiff's constitutional

right, the remaining question is whether that right was clearly established.  A constitutional right

is clearly established when "a reasonable official would understand that what he is doing violates

that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).  In a failure-to-protect claim, the

Supreme Court recognized that "prison officials have a duty . . . to protect prisoners from

violence at the hands of other prisoners." *Farmer,* 511 U.S. at 833 (internal quotation marks

---

[11] *See, e.g., Woods v. Lecureux,* 110 F.3d 1215, 1224 (6th Cir. 1997) ("summary judgment is inappropriate when 'there are issues of fact' as to whether [a defendant in a § 1983/Eighth Amendment case] was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm existed' and whether he actually 'drew the inference[.]'") (alteration in original) (quoting *Street v. Corrs. Corp. of Am.,* 102 F.3d 810, 810 (6th Cir. 1996)).

(4:23CV1490)

omitted).  Sixth Circuit case law recognizes that "an inmate's right to be free from prison violence" is clearly established.  *Bishop,* 636 F.3d at 766 (citing *Leary v. Livingston Cnty.*, 528 F.3d 438, 442 (6th Cir. 2008) (recognizing that the right to be from violence of other prisoners is clearly established); *see also Doe v. Bowles*, 254 F.3d 617, 620 (6th Cir. 2001) ("The right of an inmate to be protected from an attack by a fellow inmate was well established at the time the events in question took place.").  Given the broad definition of the clearly established right in *Bishop,* Plaintiff's right to be free from an attack from James Daniel was clearly established.  A reasonable jury could find that Sergeant Haynie violated that clearly established right by her deliberate indifference to the risk of harm James Daniel posed to Plaintiff.  *See Bishop,* 636 F.3d at 765-66.

The Court denies Plaintiff's motion for summary judgment.

### IV. Conclusion

Accordingly, Sergeant Haynie's Motion for Summary Judgment (ECF No. 14) is denied, and Plaintiff's Motion for Summary Judgment (ECF No. 18) is denied as moot because it is a responsive brief.


IT IS SO ORDERED.


August 7, 2025                                           */s/ Benita Y. Pearson*
Date                                                        Benita Y. Pearson
                                                               United States District Judge